**Jesse SCRUGGS, Plaintiff–Appellant,**

v.

**Truman JONES, Sheriff, Rutherford County; (f/n/u) Officer Hoffman; Officer Scott Reed; Aunna Searcy, Nurse Practitioner, Defendants–Appellees.**

No. 03–5813.

United States Court of Appeals, Sixth Circuit.

Feb. 3, 2004.

Jesse Scruggs, pro se, Murfreesboro, TN, for Plaintiff–Appellant.

David Randall Mantooth, Leitner, Williams, Dooley & Napolitan, Nashville, TN, for Defendant–Appellee.

Before DAUGHTREY and COLE, Circuit Judges; and POLSTER, District Judge.*

*ORDER*

Jesse Scruggs, a Tennessee state prisoner, appeals pro se a district court order dismissing his civil rights complaint, filed pursuant to 42 U.S.C. § 1983, as barred by the statute of limitations. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel

---

* The Honorable Dan A. Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Scruggs alleges in his complaint that an officer at the Rutherford County jail pushed him and sprayed him with mace while he was incarcerated there on February 6, 2001. He also alleges that another officer stood by during the assault and the jail's nurse practitioner refused to give him medical treatment after this event. He filed a prior complaint raising these same claims on January 9, 2002, which was dismissed without prejudice for failure to demonstrate the exhaustion of administrative remedies. He filed the instant complaint raising the same claims on April 21, 2003, this time adding that he had been denied grievance forms, but had filed three handwritten complaints concerning the incident, to which he received no response. The district court screened the complaint and dismissed it sua sponte as barred by the statute of limitations.

On appeal, Scruggs appears to argue that he filed his complaint before the expiration of the statute of limitations. He also argues the merits of the previous dismissal for failure to exhaust administrative remedies. Defendants, who were not served below, have filed a brief arguing that the savings statute in Tenn.Code Ann. § 28–1–105 does not apply in this case.

Upon review, we conclude that this complaint was properly dismissed as barred by the one-year statute of limitations applicable to civil rights actions filed in Tennessee. *Merriweather v. City of Memphis,* 107 F.3d 396, 398 (6th Cir.1997). The argument in the brief filed by Scruggs that his complaint was filed before the expiration of the statute is meritless. As the district court pointed out, several of the documents attached to the complaint were dated after the expiration of the statute. Defendants are correct to point out that the savings statute in Tenn.Code Ann. § 28–1–105 does not apply in this case,

although for reasons other than that set forth in their brief. That statute applies only to cases which were dismissed from federal court for lack of jurisdiction, and then refiled in state court within one year. The previous complaint in this case was not dismissed for lack of jurisdiction, and the complaint was then refiled in federal court.

Accordingly, the dismissal of this complaint is affirmed for the reason stated by the district court. Rule 34(j)(2)(C), Rules of the Sixth Circuit.